**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEBORAH D. JOHNSON,**

    **Plaintiff,**

**v.**                                                         **Case No: 8:07-CV-2218-T-27EAJ**

**TAMPA GENERAL HOSPITAL,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which this court construes as a Motion for Leave to Proceed In Forma Pauperis under 28 U.S.C. § 1915. After considering the motion, the court deferred ruling and provided Plaintiff an opportunity to amend her complaint because the complaint failed to comply with the Federal Rules of Civil Procedure (Dkt. 3). The court directed Plaintiff to file an amended complaint within twenty days, noting that her failure to do so would result in a recommendation that the motion be denied and the case dismissed (Dkt. 3 at 5). After Plaintiff failed to file an amended complaint within the specified time period, the court recommended that the motion be denied and the case dismissed (Dkt. 5).

Plaintiff then retained an attorney and moved to amend the complaint, reopen the case, and set aside dismissal (Dkts. 7, 8). But the court had not yet dismissed the case, so it denied the motion to reinstate the action and referred the in forma pauperis motion (Dkt. 2) to the undersigned to consider based on the Amended Complaint (Dkt. 9). On January 29, 2008 the undersigned directed Plaintiff to file an amended Affidavit of Indigency within ten days (Dkt. 10). Because she failed to do so, the undersigned now recommends that the motion be denied.

**A. Factual Background**

The Amended Complaint brings one claim for Disparate Treatment and Wrongful Termination based on race (Dkt. 7). Plaintiff, an African-American woman, states that Tampa General Hospital ("TGH") terminated her for two reasons: using profanity in the workplace and leaving a patient unattended. She claims, however, that similarly situated Caucasian employees also used profanity and left patients unattended but without repercussion. Plaintiff thus believes that TGH terminated her because of her race in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Plaintiff requests to proceed with her claim in forma pauperis through her Affidavit of Indigency (Dkt. 2).

**B. Legal Standard**

The in forma pauperis statute permits the court to approve the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. 28 U.S.C. § 1915. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted). A trial court has wide discretion in determining whether to grant or deny a § 1915 motion. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (citations omitted). If presented with an in forma pauperis motion, the court should first consider only "whether the statements in the affidavit satisfy the requirements of poverty" and should accept the affidavit's statements as true absent a serious misrepresentation. Id. at 1307 (citations omitted). A litigant need not be "absolutely destitute" to qualify as indigent under the statute. Id.

**C. Discussion**

2

The issue here is whether Plaintiff's financial circumstances qualify her to proceed <u>in forma pauperis</u>.[1] Based on the current record, the court cannot find that Plaintiff is indigent for purposes of § 1915. Although her affidavit standing alone may support a finding of indigency,[2] the record indicates otherwise. Plaintiff recently hired an attorney to represent her in this case, but presents no evidence of her fee arrangement with her attorney. Thus, the court must presume that Plaintiff has some assets with which to compensate her attorney. The court gave Plaintiff an opportunity to file an amended Affidavit of Indigency to correct any deficiency, but she failed to do so (Dkt. 10). Thus, Plaintiff has not shown the requisite financial inability to pay the cost of filing an action.

Upon consideration, it is **RECOMMENDED** that:

(1)    Plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Dkt. 2) be **DENIED** and Plaintiff be directed to pay the filing fee within ten (10) days to continue this case.

/s/ Elizabeth S. Jenkins
ELIZABETH A JENKINS
United States Magistrate Judge

**Date: February 20, 2008**

---

[1] The court finds that Plaintiff's Amended Complaint (Dkt. 7) is not subject to dismissal as frivolous or for failure to state a claim. <u>See</u> 28 U.S.C. § 1915(e)(2)(B) (allowing the court to dismiss a complaint as frivolous, malicious, failing to state a claim, or seeking monetary relief against a defendant who is immune from such relief).

[2] Plaintiff's affidavit states that she is employed, earns $252.00 per week, and has about $60.00 in cash and/or savings. Supporting documents show that Plaintiff had $206.99 in a savings account and $53.40 in a checking account as of November 23, 2007. Plaintiff lists two dependent children requiring $250.00 per month in support and monthly expenses of $575.00 for rent, $319.00 for a car payment, and $150.00 for utilities (Dkt. 2).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).


Copies to:
District Court Judge